UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80453-CIV-MARRA/JOHNSON

MARIA ELENA CASTRO GONZALEZ,
individually

       Plaintiff

vs.

PIRELLI TIRE, LLC, a foreign corporation;
SEARS ROEBUCK & CO., a foreign
corporation; and FORD MOTOR COMPANY,
a foreign corporation

       Defendants.

_____/

MARIA ELENA CASTRO GONZALEZ,
as Personal Representative of the Estate
of Jose H. Gonzalez

       Plaintiff

vs.

PIRELLI TIRE, LLC, a foreign corporation;
SEARS ROEBUCK & CO., a foreign
corporation; and FORD MOTOR COMPANY,
a foreign corporation

       Defendants.

_____/

## <u>ORDER AND OPINION GRANTING MOTION TO TRANSFER</u>

THIS CAUSE is before the Court upon Defendant, Ford [Motor Company]'s

Motion to Dismiss For Improper Venue or, in the Alternative, Motion to Transfer for

Forum Non Conveniens [DE 2]; Defendants', Pirelli Tire, LLC and Sears Roebuck and

Co., Motion to Transfer for Forum Non Conveniens [DE 54]; and Defendants', Pirelli

Tire, LLC and Sears Roebuck and Co., Request for Hearing on Motion to Transfer for Forum Non Conveniens [DE 55].

**Background**

This is a products liability action arising out of a fatality rollover of a Ford Explorer that occurred in Cocoa, Brevard County, Florida, on August 24, 2006. Compl. ¶¶ 13, 14.  Brevard County is located within the jurisdiction of the United States District Court for the Middle District of Florida, Orlando Division.

The action was initially filed in the Circuit Court for Palm Beach County, Florida.  The defendants removed this action to the Southern District of Florida based on complete diversity of the parties pursuant to 28 U.S.C. § 1332.  Now, all three defendants have moved to transfer to the Middle District of Florida on the basis of forum non conveniens.

Typically, a products liability action would be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  However, when a case is properly removed on diversity grounds to a federal district court in the district where the state action was pending, venue in that district court is established as a matter of law, and a defendant cannot thereafter move to dismiss the action on § 1391 venue grounds.  *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001).  Hence, in order for the Court to transfer this case to another district, the defendants must meet the requirements of 28 U.S.C. § 1404(a).

<u>Analysis</u>

A motion to transfer venue is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[1]

28 U.S.C. §1404(a).  The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.  *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money.  *Van Dusen v. Barrack*, 376 U.S. 612 (1964).  The burden is on the movant to establish that the suggested forum is more convenient.  *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc.*, 699 F. Supp. 878, 882 (M.D. Fla. 1988); *Garay v. BRK Electronics*, 755 F. Supp. 1010 (M.D. Fla. 1991).

Generally, the factors to be considered are the " [p]laintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of

---

[1]  There is no dispute that this action could have been brought in the Middle District of Florida.

proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Eye Care Intern., Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1317-18 (M.D. Fla. 2000) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *Poncy v. Johnson and Johnson*, 414 F.Supp. 551 (S.D. Fla. 1976).  In this case, the elements of convenience of witnesses and availability of compulsory process clearly weighs in favor of transfer.

## Choice of Forum

Generally, the plaintiff's choice of forum is given considerable deference. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations).  However,  where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration.  *Windmere Corp. v. Remington Products, Inc.*, 617 F.Supp. 8, 10 (S.D. Fla. 1985); *Balloveras v. Purdue Pharma Co.*, Case No. 04-20360, 2004 WL 1202854, *1 (S.D. Fla. 2004); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").  Here, it appears to the Court that Plaintiff's choice of forum is

entitled to less than normal deference because the incident underlying the action occurred in the Middle District of Florida.

**Convenience of the parties**

Plaintiff resides in Palm Beach County and her son is in school here.  None of the defendants are located in either the Southern or Middle District of Florida.  The defendant Sears Roebuck and Co. ("Sears") is a New York corporation that maintains its principal place of business in the State of Illinois; defendant Pirelli Tire, LLC ("Pirelli Tire") is a Delaware limited liability company that maintains its principal place of business in the State of Georgia; Ford Motor Company ("Ford") is a Delaware corporation that maintains its principal place of business in the State of Michigan. Seeing that no defendant is connected to this district and the Plaintiff resides here, this factor, although of not great significance, weighs in favor of the Southern District of Florida.

**Convenience of witnesses**

"The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted."  *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y. 1991).  "When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum.  Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide."  *Fuji Photo*

*Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (quoting

*Herbert Ltd. P'ship v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004).

**Defendants' Witnesses**

Defendants claim that if the case is tried here, they will be unable to compel

the presence of any of their key witnesses.  The events alleged in Plaintiff's

complaint occurred over 100 miles away from this Court.  Accordingly, the responding

officers, paramedics, emergency physicians, and hospital facilities are located over

100 miles away from this Court and outside of this Court's subpoena power.  Because

this is a civil case, and because these non-parties have no interest in the outcome of

this case, Defendants have no way to guarantee their attendance at trial in this

district.  *GFI Computer Industries, Inc. v. Fry*, 476 F.2d 1, 5 (5th Cir. 1973);[2] *Jaynes v.*

*Jaynes*, 496 F.2d 9, 10 (2d Cir. 1974); Fed.R.Civ.P. 45(b)(2).

Defendants assert that these witnesses located in the Middle District will

testify on the core issues of liability.  According to Defendants, what the police

officers saw and measured at the scene is of crucial importance.  Defendants also

consider important Mrs. Gonzalez's comments to the Emergency Medical Technicians

("EMTs"), as well as the EMTs examination of Mrs. Gonzalez in route to the hospital.

Defendants also plan on calling the physicians who treated her immediate injuries at

---

[2]  In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding
precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.
*See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the local hospital, as well as the nurses, whose nurses' notes may be significant on the subject of the extent of the pain and suffering.  Defendants, understandably, would want their key witnesses to appear live before the trier of fact rather than by way of a deposition.

**Plaintiff's Witnesses**

Plaintiff discredits the value of any testimony from the paramedics and police officers, claiming their testimony is secondary to the experts.  Plaintiff argues that the case should remain in the Southern District because her son is in school in Palm Beach County, her physicians are in Palm Beach County, and the vehicle and tires are in Palm Beach County.

Plaintiff lists 26 potential witnesses located in the Southern District of Florida. Of the 26 witnesses, eight relate to the son's school performance.  This number appears excessive on this one issue, some of which may be considered cumulative. Plaintiff lists five witnesses who are related to her.  Unlike the Defendants' witnesses who are independent and unrelated to any party, these witnesses presumably would be willing to travel to the Middle District if necessary to testify on behalf of their relative.  Of the remaining 12 witnesses, eight are characterized as Plaintiff's treating physicians.  Again, it is questionable whether the trial court would allow the calling of eight treating physicians regarding Plaintiff's injuries as their testimony would likely be cumulative.  Since these witnesses are generally compensated for their time, Plaintiff has some ability to induce these witnesses to appear voluntarily

in the Middle District of Florida, whereas the Defendants have virtually no ability to induce their witnesses to appear in this district.

Plaintiff also lists a number of witnesses as to the transporting and storing of the Explorer and its tires.  However, the question of authenticity or chain of custody has not been raised.  Apparently, the tires were recently shipped to and from Arizona for Defendants' inspection.  More importantly, however, the car and tires can be easily transported and can be made available in the Middle District for trial.

Assuming all witnesses are equally crucial to the respective sides, the fact that Plaintiff is better able to procure the attendance of her witnesses in the Middle District because they are under her control, and Defendants are virtually unable to procure the attendance of theirs in this district, is a critical consideration.

**(D) Public interest factors.**

A transfer of this case to the Middle District would serve the interests of justice.  The acts giving rise to this case occurred in the Middle District of Florida.  Also, a trial in the Middle District of Florida is much more likely to be based upon the presentation of live testimony by the key witnesses for all parties, resulting in a more effective means for the trier of fact to come to a just result.

<u>Conclusion</u>

This Court has carefully examined the filings in this cause and finds that relevant factors under 28 U.S.C. § 1404(a) are present and that those factors when considered together warrant a transfer to the Middle District of Florida.  Accordingly,

it is hereby

      **ORDERED AND ADJUDGED** as follows:

1.      Defendant, Ford's Motion to Dismiss For Improper Venue or, in the Alternative, Motion to Transfer for Forum Non Conveniens [DE 2] is GRANTED IN PART AND DENIED IN PART.  The Motion to Dismiss For Improper Venue is DENIED.  The Motion to Transfer is GRANTED

2.      Defendants', Pirelli Tire, LLC and Sears Roebuck and Co., Motion to Transfer for Forum Non Conveniens [DE 54] is GRANTED; and

3.      Defendants', Pirelli Tire, LLC and Sears Roebuck and Co., Request for Hearing on Motion to Transfer for Forum Non Conveniens [DE 55] is DENIED.

4.      **The Clerk of Court is hereby directed to transfer this case to the United States District Court, Middle District of Florida.  This case is closed.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of February, 2008.

                                  _____

                                  KENNETH A. MARRA
                                  United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson